**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WEIR WARMAN, LTD.,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:05-cv-1458-T-27TBM**

**OEMic INDUSTRIES, INC.;**
**WESTCOMM PUMP & EQUIPMENT,**
**LTD.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Allow Discovery As to Damages and to Determine Appropriate Injunctive Relief, to Extend Time to Move for Default Judgment, and to Compel OEMic and Its Representatives to Appear for Depositions and Produce Documents** (Doc. 19). By its motion, Plaintiff seeks an order allowing it to conduct discovery on the matter of damages as against Defendant OEMic Industries, Inc. (hereinafter OEMic), a Canadian corporation who has not filed an answer to the Complaint or otherwise defended this action.[1] Additionally, Plaintiff seeks an order compelling OEMic and its representatives, Ally Qi and Jianhui Gan, to appear for their depositions in Vancouver, British Columbia, on December 12 and 13, 2005, and to produce

---

[1] Plaintiff's counsel, Joseph A. Ranney, attaches to his affidavit a letter dated September 28, 2005, and directed to Mr. (sic) Sheryl L. Loesch at this courthouse whereby Ally Qi, President of OEMic, advises the court that, among other matters, OEMic "decline[s] to be the defendant for this case." (Doc. 25, Ex. 3).

requested documents at such time.   Plaintiff also seeks an extension of time in which to move for default judgment to thirty days beyond the taking of these depositions and production of documents.  Defendant OEMic has not filed a response in opposition.

Upon consideration, the motion is **GRANTED in part** as set forth herein.  Plaintiff is granted leave conduct discovery and to depose OEMic and its representative to on the matters of its damages, if any, caused by OEMic, as well as OEMic's relationship with co-defendant Westcomm Pump & Equipment, Ltd., as such may relate to the pending motion challenging the court's personal jurisdiction.  Plaintiff may forthwith proceed with such discovery but in accordance with any applicable rules, laws, treaties, or conventions on the taking of such depositions upon a corporation in Canada.[2]

---

[2]Canada is a party to the Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters, see Fed. R. Civ. P. 4,  but does not appear as a signatory to the Convention On The Taking Of Evidence Abroad In Civil Or Commercial Matters, see 28 U.S.C. 1781.  Rule 28(b) of the Federal Rules of Civil Procedure provides:

> Depositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28(b).  Here, Plaintiff submits a Notice of Deposition issued from this district. See (Doc. 25, Ex. 1).  Such notice does not appear to satisfy any of the requirements of Rule 28(b), and Plaintiff has not otherwise provided any authority for this court to compel a Canadian corporation or its representatives to appear for deposition or produce documents in these circumstances.

Plaintiff's request pursuant to Local Rule 1.07(b) to extend the time for its filing a motion for default judgment is **GRANTED** to the extent that Plaintiff shall have ninety (90) days from the date of this Order within in which to apply for a judgment pursuant to Rule 55(b), there being good cause demonstrated for such extension.

It is further ordered that **Plaintiff's Motion to Expedite Determination of Motion to Allow Discovery and As to Related Matters** (Doc. 22) is **DENIED as moot**.

**Done and Ordered** in Tampa, Florida, this 5th day of December 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record